IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| **JEFFREY RUSS** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 2:11cv195KS-MTP** |
| **SAFECO INSURANCE COMPANY OF AMERICA, MEMBER OF LIBERTY MUTUAL GROUP; AND DOE DEFENDANTS, INDIVIDUALS AND/OR CORPORATIONS, 1-10** | **DEFENDANTS** |
| **And** | |
| **SAFECO INSURANCE COMPANY OF AMERICA** | **COUNTER PLAINTIFF** |
| **VERSUS** | |
| **JEFFREY RUSS** | **COUNTER DEFENDANT** |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss Counterclaim **[#47]** filed on behalf of the Plaintiff/Counter Defendant, Jeffery Russ. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court finds specifically as follows:

## BACKGROUND

Safeco Insurance Company of America ("Safeco") issued a policy of insurance to Jeffrey Russ, bearing policy number OX5802761 with effective dates of January 9,

2011, through January 9, 2012.  This policy was in effect at the time the insured suffered a fire loss on March 15, 2011 at the covered property which was located at 651 Ovett Moselle Road in Ovett, Mississippi.

Russ filed a claim under the Safeco policy but due to difficulties in the investigation, no resolution had been reached when Russ filed suit against Safeco on September 26, 2011.  Safeco filed for summary judgment on Russ' claims asserting that he had forfeited coverage under his policy because he chose to file suit after refusing to timely submit to an examination under oath.  The Court denied that motion on January 12, 2012.  On February 29, 2012, Safeco filed an Amended Answer and Counterclaim for Declaratory Relief against Russ.  Russ has filed the present motion to dismiss the counterclaim, pursuant to Federal Rules of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a party's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007) (other citations omitted).

## **LAW AND ANALYSIS**

Safeco asserts that the Counterclaim against Russ was made necessary when he (Russ) chose to peremptorily file suit in this matter without cooperating with Safeco's investigation of the Plaintiff's claim or otherwise complying with the terms of the policy issued by Safeco.  Safeco is seeking declaratory relief in this Court, on the following issues: (A.) Whether or not Safeco owes anything to Russ under the insurance policy for any claims he has made, and, if so, the amount owed; (B.) Safeco owes nothing to Russ for any claim based in tort or extra contractual damages made by Russ in his Complaint; (C.) Russ violated the policy and coverage for the loss or portions of the loss are voided due to one or more of the following: (a) failure of Russ to comply with the demand for cooperation, providing documents and information or submitting to an examination under oath; (b) misrepresentations, concealment, fraud, intentional acts or other actions of Russ in violation of the policy; (c) filing suit without providing documents and information requested in submitting to an examination under oath as required; (d) any other violation of the policy provisions or other actions voiding or limiting coverage of the policy; (D) that no amount is owed to Russ under the additional living expense

coverage of the policy; (E) that no amount is owed to Russ under the personal property or contents coverage of the policy; (F) that no amount is owed to Russ under the dwelling or structure coverage of the policy; (G) alternatively, if any amount is owed to Russ under any coverages of the policy, the amount that is owed.

In his motion to dismiss, Russ argues that Safeco's Counterclaim is not an appropriate claim for declaratory relief and, thus, it fails to state a claim for which relief may be granted pursuant to Fed.R.Civ.P. Rule 12(b)(6). The Court has set forth the standard for reviewing a 12(b)(6) motion above. To determine if the present Counterclaim meets the threshold for proceeding, the Court must examine the requirements of a valid request for declaratory relief.

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. *Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the Court must determine whether the declaratory action is justiciable, i.e. whether an actual controversy exists between the parties. *Id.* Second, if it has jurisdiction, the Court must resolve whether it has the authority to grant declaratory relief in the case presented. *Id.* Third, the Court has to determine how to exercise its broad discretion to decide or dismiss a declaratory action. *Id.*

The Court's decision to entertain a declaratory judgment action pursuant to 28 U.S.C. § 2201 is discretionary. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Employers' Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954). The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief for qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288

(1995).  Consistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute.  *Southwind Aviation v. Bergen Aviation*, 23 F.3d 948, 950 (5th Cir. 1994).

A district court may not dismiss a request for declaratory judgment relief "on the basis of a whim or personal disinclination."  *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981).  Rather, when deciding whether to dismiss a declaratory complaint, the factors that should be considered include, but are not limited to: (1) whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under applicable substantive law, can better be settled in the proceeding pending in state court; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding; (3) whether necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding.  *Brillhart*, 316 U.S. at 495.

Russ does not argue that this Court lacks jurisdiction to hear this matter; he does not argue that Safeco's Counterclaim for Declaratory Relief fails to present an actual case or controversy, nor does he present an argument that Safeco's Counterclaim is not ripe for determination in this action.  Instead, his argument is grounded primarily in his supposition that Safeco can obtain vindication of the relief it has sought by way of declaratory relief, through some other remedy in this action, such as by prevailing in its defense of the claims asserted by Russ.  However, Safeco argues that Russ has chosen to frame his perception of issues in a more narrow fashion than appropriate.  Thus, Safeco contends that its Counterclaim is necessary to address all the

complications arising out of the insured's conduct and known facts to obtain a complete resolution of this matter in its entirety.

The very text of Fed.R.Civ.P. Rule 57 undermines Russ' argument. That rule provides, "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Thus, the simple fact that Safeco may ultimately prevail on the claims asserted against it by Russ has no bearing on whether Safeco should be permitted to pursue declaratory relief in this matter. While the claims presented by Safeco are certainly interrelated with the allegations of Russ, the Counterclaim also presents altogether separate, distinct, and different claims from those presented by Russ. As the Supreme Court noted in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. at 127.

Russ' argument suggests that Safeco's Counterclaim is an effort to re-litigate defenses as to the claims asserted against Safeco by him. However, this is an inaccurate characterization of Safeco's Counterclaim. Indeed, Safeco argues that it has alleged in detail the actual controversy between it and Russ, and has set forth in significant detail the facts and evidence which support the position of Safeco in this matter. The Court agrees. Russ failed to provide this level of detail, and Safeco determined that it had been left with no other choice than to file this Declaratory Judgment Counterclaim to address all matters in dispute.

Based upon the facts and evidence as presented by Safeco in its Counterclaim

for Declaratory Relief, Safeco has sought the declaration of rights and other legal relations between Safeco and Mr. Russ.  The Court concludes that the relief sought by Safeco is broader in nature than the claims asserted by Russ against Safeco.  Likewise, consideration of the claims of Russ alone would fail to provide a complete resolution of the issues.  A complete adjudication of the issues upon which Safeco has sought declaratory relief by way of Counterclaim in this matter, is necessary to finally and conclusively resolve the complete controversy between Safeco and Russ.

After a thorough consideration of this matter, the Court concludes that Russ has failed to establish that he is entitled to dismissal of Safeco's Counterclaim for Declaratory Relief.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Counterclaim **[#47]** filed on behalf of the Plaintiff/Counter Defendant, Jeffery Russ is denied.

SO ORDERED AND ADJUDGED this the 16th day of May, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE