IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JEFFREY RUSS**                                                                                    **PLAINTIFF**

v.                                                                                          No. 2:11cv195-KS-MTP

**SAFECO INSURANCE CO. OF AMERICA, ET AL.**                              **DEFENDANTS**

## ORDER

This matter is before the court on the following motions filed by Defendant/Counter-Plaintiff Safeco Insurance Company of America: Motion for Joinder of Wells Fargo Bank, N.A. [112],[1] Motion to Compel Compliance With Subpoena [113], Motion to Compel Discovery [114], and Motion to Consider Safeco's Motions Out of Time [115]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion to Consider Safeco's Motions Out of Time [115] should be granted, the Motion for Joinder of Wells Fargo Bank, N.A. [112] should be granted, the Motion to Compel Compliance With Subpoena [113] should be granted in part and denied in part, and the Motion to Compel Discovery [114] should be denied.

This case arises out of the fire loss of Plaintiff's home on March 15, 2011. Plaintiff's home was insured by Safeco. In his complaint filed on September 26, 2011, Plaintiff alleges various claims against Safeco, including bad faith claims for failure to pay and adjust the insurance claim. Safeco filed an early Motion for Summary Judgment [6] on November 8, 2011, based on Plaintiff's alleged failure to submit to an examination under oath; the Motion [6] was

---

[1] Because the Motion for Joinder of Wells Fargo Bank, N.A. [112] could potentially affect the rulings of the Motions for Summary Judgment [124][127] pending before District Judge Keith Starrett, the Motion [112] is excepted from the pretrial motions automatically referred to the undersigned pursuant to L.U.Civ.R. 72(d). However, the Motion [112] was referred to the undersigned for disposition by Order [137] dated August 16, 2012.

denied by Order [32] dated January 12, 2012.

On January 23, 2012, Safeco filed a Motion to Amend [35] its answer to include a counterclaim against Plaintiff seeking declaratory relief,[2] and to add a third-party complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), the mortgagee for the insured property, in order to determine what, if any, monies owed by Safeco are owed to Wells Fargo.  Plaintiff opposed the motion.  The court entered an Order [42] on February 23, 2012, granting Safeco's request to include a counterclaim against Plaintiff, but denying Safeco's request to file a third-party complaint against Wells Fargo.[3]

*Motion for Joinder of Wells Fargo*

In the instant Motion for Joinder of Wells Fargo [112], Safeco seeks an order requiring the joinder of non-party Wells Fargo as a Defendant to its counterclaim pursuant to Federal Rule of Civil Procedure 19(a).  As set forth in the motion and prior pleadings, Wells Fargo foreclosed on the insured property on or about September 7, 2011, subsequent to the fire loss.  Subsequent to the foreclosure, Wells Fargo filed a "Trustee's Notice of Rescission [of] Foreclosure Sale and

---

[2]Specifically, Safeco filed the counterclaim for declaratory relief "in order to complete the investigation of the claims of Russ through the litigation process and in order to submit to this Court the decision of whether, or to what extent, if any, Safeco owes Russ for any of the claims made under the policy in force at the time of the fire loss . . . ."  Ex. 1 to Motion [35-1] at 3.

[3]Safeco's initial Motion [35] to add Wells Fargo as a third-party defendant was based on Fed. R. Civ. P. 14, which provides that "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  Those circumstances are not present here.  Moreover, it did not appear at the time that Wells Fargo had or was claiming an interest in the insurance proceeds at issue.

Conveyance."[4]

Safeco claims that it learned on July 9, 2012, at the deposition of Wells Fargo, that it seeks to rely on an attempted rescission of the foreclosure in order to assert a claim to the policy proceeds.[5] Prior to the deposition of Wells Fargo, this information was only "suspected" by Safeco. Without the presence of Wells Fargo in this case, Safeco claims "complete relief cannot be provided to the existing parties, [and] refusal to allow joinder of Wells Fargo [will] impair[] Safeco's ability to protect its interest in full resolution of all claims under its policy and Safeco will be subject to substantial risk of inconsistent obligations . . . ." Motion [112] at 2-3.

Wells Fargo opposes the joinder, claiming it would be "grossly prejudiced" if it were joined at this late date; this case has been pending for almost one year and all of the substantive deadlines have expired. *See* Response [120]. Plaintiff also opposes the joinder, pointing out that Wells Fargo has not asserted any formal claim to the insurance proceeds under Safeco's policy, and regardless of any assertion, Wells Fargo has a statutory lien against the proceeds to the extent it was not made whole by the foreclosure sale. *See* Response [122].

Rule 19 provides that a person or entity whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[4]*See* Ex. B to Motion [112-2] at 15-17. Safeco argues that Wells Fargo has not taken the necessary steps to effectively negate the foreclosure.

[5]Wells Fargo's corporate representative testified that "Wells Fargo asserts a claim in those proceeds to the extent that they have a right to those proceeds." Ex. A [112-1] at 7-8.

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Wells Fargo's deposition testimony reflects that it "asserts a claim in those proceeds to the extent that they have a right to those proceeds." Ex. A [112-1] at 7-8. Thus, Wells Fargo is claiming an "interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B).[6] Moreover, because the unique set of circumstances surrounding Wells Fargo's foreclosure of the subject property after the fire loss and the subsequent attempt to rescind the foreclosure, coupled with Wells Fargo's apparent desire to maintain a claim to the proceeds, Safeco may be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest" if Wells Fargo is not made a party. *Id.* Thus, the court finds that Wells Fargo is a necessary or required party under Rule 19(a) and should be joined in this action. Safeco's Motion for Joinder of Wells Fargo [112] will be granted.

The court is mindful that the substantive deadlines in this case have passed and a trial in this matter is set for December 3, 2012. *See* Case Management Order [23]. The court will schedule a case management conference with all parties and set new deadlines, if necessary, once Wells Fargo is before the court to ensure that Wells Fargo has a reasonable opportunity to conduct discovery and prepare its side of the case.

*Motion to Compel Compliance With Subpoena*

In its Motion to Compel Compliance With Subpoena [113], Safeco requests the court to order complete production of responsive documents by Wells Fargo. Safeco urges that it was confirmed during the deposition of Wells Fargo that significant files, documents, and other

---

[6]Plaintiff concedes Wells Fargo "has a statutory lien against the proceeds to the extent Wells Fargo was not made whole by the foreclosure sale." *See* Response [122] at 3.

things requested by the subpoena exist and have not been produced.  In its opposition [121], Wells Fargo contends that a great deal of the court's and the parties' time and resources could have been conserved had Safeco contacted Wells Fargo or its counsel regarding the alleged deficiencies prior to the deposition.

Safeco served Wells Fargo with a subpoena duces tecum on or about March 21, 2012. *See* Subpoena [46].  Wells Fargo responded to the subpoena on or about April 20, 2012, without objection, and produced approximately 153 pages of documents.  Admittedly, Safeco realized upon receipt of the documents that "the documents produced did not appear complete or to address all of the documents that had been requested."  *See* Motion [115] at 2.  However, Safeco states it "had insufficient information at that point to adequately address a motion to compel without getting the testimony of Wells Fargo to understand what documents were not provided and where they were located or how to identify them."  *Id.*

As pointed out in its Reply [131], counsel for Safeco sent an email to Valerie Alcorta at Wells Fargo on April 27, 2012, identifying its concerns that certain requested documents had not been provided; Safeco heard nothing in response.  *See* Ex. A to Reply [131].  This email was not acknowledged in Wells Fargo's Response [121].

The court recognizes that the Motion [113] is arguably untimely under L.U.Civ.R. 7(b)(2)(B).[7]  However, the court finds that the subpoenaed documents should be produced, with each party to bear its own costs.  It is undisputed that not all documents required under the subpoena have been produced, and Wells Fargo did not file objections or a motion to quash the

---

[7]As Wells Fargo will be made a party and the case deadlines adjusted accordingly, the issue of timeliness is essentially moot.

subpoena. The court finds that Wells Fargo should supplement its production of documents as required by producing all records required in the subpoena. The fact that Wells Fargo utilizes a third-party vendor to maintain some or all of the requested documents does not relieve it of its obligations under the subpoena. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (a subpoena may command the production of documents in the responding party's "possession, custody, or control").

*Motion to Compel 30(b)(6) Deposition*

In its Motion to Compel Wells Fargo to Provide Discovery Pursuant to 30(b)(6) Notice Discovery [114], Safeco claims Wells Fargo's Rule 30(b)(6) representatives were not knowledgeable and/or not adequately prepared to testify regarding the areas of inquiry set forth in its deposition notice [111], which resulted in many instructions by counsel not to answer questions. Safeco requests the court to require Wells Fargo to bear the expense of the resumed deposition, to require that the resumed deposition take place in Mississippi, and to require the representatives to adequately prepare and meaningfully respond to questions.

Safeco took a lengthy deposition of Wells Fargo, as reflected by the deposition transcript that exceeds 500 pages.[8] Reconvening the deposition may be unnecessary once Wells Fargo supplements its document production under the subpoena. The court finds that Safeco's Motion [114] should be denied without prejudice at this time. The court will address the discovery requests of all parties once Wells Fargo has appeared and the issues are joined.

IT IS, THEREFORE, ORDERED:

1. Safeco's Motion for Joinder of Wells Fargo Bank, N.A. [112] is GRANTED. On or before August 30, 2012, Safeco shall file its amended counter-claim including

---

[8]*See* Ex. 1 [114-1], [114-2] to Motion [114].

        Wells Fargo as a Defendant to the declaratory judgment action in order to determine what, if anything is owed to Wells Fargo under the Safeco policy, and shall promptly serve same.

2. Safeco's Motion to Compel Compliance With Subpoena [113] is GRANTED in part and denied in part, with each party to bear its own costs. Wells Fargo shall supplement its production of documents required under the subpoena on or before September 4, 2012. Safeco's request for costs and fees is denied.

3. Safeco's Motion to Compel Discovery [114] is DENIED without prejudice.

4. Safeco's Motion to Consider Safeco's Motions Out of Time [115] is GRANTED.

SO ORDERED AND ADJUDGED this the 24th day of August, 2012.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge